**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **MINERVA INDUSTRIES, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**APPLE, INC. and ATLANTICRT, INC.,**<br><br>Defendants. | Civil Action No:<br><br><br>The Honorable<br>United States District Judge<br><br>**JURY** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action for patent infringement, in which Minerva Industries, Inc. makes the following allegations against Apple, Inc. and AtlanticRT, Inc.

### PARTIES

1. Plaintiff Minerva Industries, Inc. ("Minerva") is a California corporation with its principal place of business at 255 S. Grand Avenue, Suite 2004, Los Angeles, California 90012.

2. On information and belief, defendant Apple, Inc. ("Apple") is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California, 95014.

3. On information and belief, defendant AtlanticRT, Inc. ("AtlanticRT"), is a Florida corporation with its principal place of business at 2495 NW 35th Avenue, Miami, Florida 33142-6827.  Apple and AtlanticRT are collectively referred to herein as "Defendants."

### JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b).  On information and belief, each Defendant has a regular and established place of business in this

district, has transacted business in this district, and/or has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,321,783

**(Against All Defendants)**

7. Minerva is owner by assignment of United States Patent No. 7,321,783 (the "'783 Patent") entitled "Mobile Entertainment and Communication Device." The '783 Patent issued on January 22, 2008 from United States Patent Application No. 10/719,363 (the "'363 Application"). A true and correct copy of the '783 Patent is attached as <u>Exhibit A</u>.

8. Ki Il Kim is listed as the inventor on the '783 Patent.

9. Defendant Apple has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '783 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling the "iPhone," which is covered by one or more claims of the '783 Patent to the injury of Minerva. Defendant Apple is thus liable for infringement of the '783 Patent pursuant to 35 U.S.C. § 271. Apple has had actual notice of the '363 Application, which issued as the '783 Patent, since at least March 30, 2007.

10. Defendant AtlanticRT has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '783 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, offering to sell, or selling mobile entertainment and communication

devices covered by one or more claims of the '783 Patent, including without limitation the Thuraya SG-2520.  Defendant AtlanticRT is thus liable for infringement of the '783 Patent pursuant to 35 U.S.C. § 271.

11. Defendants have actively induced and are actively inducing infringement of the '783 Patent and are liable for contributory infringement of the '783 Patent.

12. On information and belief, at least after the filing of the original Complaint, the Defendants have infringed and continue to willfully infringe the '783 Patent.  Apple's infringement has been willful since at least November 20, 2007.  After receiving notice of the '363 Application, Apple waited until approximately one week before the patent was to issue before sending prior art (the "Apple Prior Art") that Apple contended rendered the claims of the '363 Application invalid.  Minerva withdrew the '363 Application from issuance, and requested continued examination by the Patent Office, which request was granted.  The Patent Office then re-examined the claims of the '363 Application in light of the Apple Prior Art, and other prior art materials that had been provided to Minerva.  The Patent Office determined that the claims of the '363 Application were patentable over the Apple Prior Art (and all of the other prior art that had been submitted), determining for a second time that the claims of the '363 Application were valid and patentable over the prior art, and again issued a notice of allowance.  On information and belief, Apple monitored the progress of the '363 Application during the continued reexamination, and became aware on or about November 20, 2007 that the Patent Office rejected its contention that the Apple Prior Art rendered the claims of the '363 Application invalid and had issued a notice of allowance.

13. As a result of these Defendants' infringement of the '783 Patent, Minerva has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

14. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '783 Patent, Minerva will be greatly and irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Minerva respectfully requests that this Court enter:

1. A judgment in favor of Minerva that Defendants Apple, Inc. and AtlanticRT Inc. have infringed, directly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '783 Patent, and that such infringement was willful;

2. A permanent injunction enjoining Defendants Apple, Inc. and AtlanticRT Inc. and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '783 Patent.

3. A judgment and order requiring Defendants Apple, Inc. and AtlanticRT Inc. to pay Minerva its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '783 Patent as provided under 35 U.S.C. § 284.

4. An award to Minerva for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Minerva its reasonable attorneys' fees; and

6. Any and all other relief to which Minerva may show itself to be entitled.

## DEMAND FOR JURY TRIAL

      Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  January 22, 2008            Respectfully submitted,

                                        By:    /s/ Marc A. Fenster
                                        Marc A. Fenster, *pro hac vice*
                                        California State Bar No. 181067
                                        E-mail: mfenster@raklaw.com
                                        David R. Gabor, *pro hac vice*
                                        California State Bar No. 145729
                                        E-mail: dgabor@raklaw.com
                                        Irene Y. Lee, *pro hac vice*
                                        California State Bar No. 213625
                                        E-mail: ilee@raklaw.com
                                        Eric B. Carlson
                                        California State Bar No. 193401
                                        E-mail: ecarlson@raklaw.com
                                        Robert E. Satterthwaite, *pro hac vice*
                                        California State Bar No. 223767
                                        E-mail: rsatterthwaite@raklaw.com
                                        RUSS, AUGUST & KABAT
                                        12424 Wilshire Boulevard 12th Floor
                                        Los Angeles, California 90025
                                        Telephone: (310) 826-7474
                                        Facsimile: (310) 826-6991

                                        Otis W. Carroll, Attorney-In-Charge
                                        Texas State Bar No. 03895700
                                        E-mail: otiscarroll@icklaw.com
                                        Collin M. Maloney
                                        Texas State Bar No.00794219
                                        E-mail: cmaloney@icklaw.com
                                        IRELAND CARROLL & KELLEY, P.C.
                                        6101 South Broadway, Suite 500
                                        P.O. Box 7879
                                        Tyler, Texas 75711
                                        Telephone: (903) 561-1600
                                        Facsimile: (903) 581-1071

S. Calvin Capshaw
Texas State Bar # 0378390
ccapshaw@mailbmc.com
Elizabeth L. DeRieux, Esq.
Texas State Bar # 05770585
ederieux@mailbmc.com
BROWN MCCARROLL LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
903/236-9800
903/236-8787 – fax

Franklin Jones Jr.
Texas State Bar # 00000055
maizieh@millerfirm.com
JONES & JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 65671-1249
903/938-4395
903/938-3360 - fax

Melvin (Trip) R. Wilcox, III,
Texas State Bar No. 21454800
E-mail: mrw@smeadlaw.com
SMEAD, ANDERSON & DUNN, LLP
2110 Horseshoe Lane
P. O. Box 3343
Longview, Texas 75606
Telephone: (903) 232-1880
Facsimile: (903) 232-1881

Attorneys for Plaintiff Minerva Industries, Inc.